# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ANTHONY K. BOLLING, | : | |
| Petitioner, | : | Case No. 3:10CV0114 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Lebanon Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.  INTRODUCTION

Anthony K. Bolling, an inmate in state custody at the Lebanon Correctional Institution brings a *pro se* Petition for Writ of Habeas Corpus 28 U.S.C. §2254. In November 2003, Petitioner was convicted on four counts of Rape of a Child Under Thirteen and one count of Felonious Sexual Penetration.

Bolling's Petition is before the Court for preliminary consideration as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court. Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Bolling's Petition or attached Exhibits that he "is not entitled to relief in the district court...." Applying this

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

lenient standard to Bolling's Petition reveals that it plainly appears his Petition is time-barred. A District Court may dismiss a habeas petition *sua sponte* on statute of limitations grounds when conducting an initial review under Rule 4 of the rules governing § 2254 cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer did not raise it).

## II.     BOLLING'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

In November of 2003, Petitioner was convicted on four counts of Rape of a Child Under Thirteen and one count of Felonious Sexual Penetration. (Doc. #1 at 1). Bolling indicates that he was sentenced to a life term of imprisonment. *Id*. He timely appealed and on May 20, 2005, the Second District Court of Appeals affirmed his convictions. (Doc. # 1 at 2). Petitioner filed a timely appeal to the Ohio Supreme Court. (Doc. # 1 at 2). The Ohio Supreme Court ultimately dismissed his appeal on May 3, 2006. On October 2, 2006, the United States Supreme Court denied certiorari review. (Doc. # 1 at 2). Meanwhile, on July 5, 2006, Bolling filed a Delayed Motion for a New Trial, which was denied by the Trial Court on October 5, 2006. (Doc. # 1 at 3). On November 9, 2007, Bolling's subsequent appeal was dismissed by the Court of Appeals finding that Bolling's motion for leave to file a motion for new trial was untimely filed. *State v. Bolling*, 2007 Ohio 5976; 2007 Ohio App. LEXIS 5271. On March 26, 2008, the Ohio Supreme Court denied review. *State v. Bowling,* 117 Ohio St. 3d 1440 (2008).

On March 11, 2008, Petitioner filed a Motion for Order Granting Access to Evidence for Expert Forensic Analysis. Petitioner characterizes this motion as a petition for post conviction relief. (Doc. # 1 at 10). On July 16, 2008, the Trial Court denied the motion. *Id.* On August 28, 2009, the Court of Appeals affirmed the order of the Trial Court. *State v. Bolling*, 2009 Ohio 4400; 2009 Ohio App. LEXIS 3716.

### III. BOLLING'S PETITION IS TIME BARRED

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") applies to Bolling's habeas Petition because he filed it on March 18, 2010, [2] well after the AEDPA became effective.[3] *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

The AEDPA contains a one-year statute of limitations. 28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

---

[2] The petition, which was stamped as "filed" on March 26, 2010, contains petitioner's signed declaration that the petition was placed in the prison mailing system on March 18, 2010. (Doc.#1, at 13). Under *Houston v. Lack,* 487 U.S. 266,108 S.Ct. 2379(1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing

[3] The AEDPA became effective on April 24, 1996. *See* Pub.L. No. 104-132, 110 Stat. 1214.

3

> State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In Bolling's case, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review was October 2, 2006, the date that the United States Supreme Court denied certiorari review. He therefore had until October 2, 2007, in which to file his petition.

In the instant case, the key requirement of 28 U.S.C.§2244(d)(2) is that the motion for post-conviction relief or other collateral relief must be "properly filed." The United States Supreme Court has held that an application for post-conviction relief is not "properly filed" if the state court finds that it was untimely. *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 125 S.Ct. 1807 (2005); *Allen v. Siebert*, 552 U.S. 3, 7, 128 S. Ct. 1807 (2007).

The July 5, 2006, filing of a Delayed Motion for a New Trial did not toll the running of the statute of limitations because the state courts rejected it as untimely. The March 11, 2008, filing of a Motion for Order Granting Access to Evidence for Expert

Forensic Analysis did not toll the running of the statute of limitations because the statute of limitations had already expired. Indeed, "'the tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(citation omitted).

Consequently, Bolling filed his Petition for the Writ of Habeas Corpus after AEDPA's one-year limitations period had expired.

Petitioner does not allege that he was prevented from filing due to an impediment to filing created by State action and therefore §2244(d)(1)(B) does not apply. Petitioner does not identify the date on which the constitutional right asserted was initially recognized by the United States Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review and therefore §2244(d)(1)(C) does not apply. Petitioner does not argue that under §2244(d)(1)(D) the factual predicate of the claim or claims presented could only have been recently discovered through the exercise of due diligence. Further, Petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See Jurado v. Burt*, 337 F. 3d 638, 643 (6th Cir. 2003).

Accordingly, it plainly appears from Bolling's habeas Petition that his claims are

barred by the AEDPA's one-year statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Anthony K. Bolling's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. That Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal pursuant to Rule 4 is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 so that the Respondent may respond to objections, if any, filed by Petitioner.

March 31, 2010

                                                s/ Sharon L. Ovington
                                                    Sharon L. Ovington
                                        United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)©, (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).